LABORDE, DEMANDANTE Y APELADO, v. SOLÍS ET AL., DEMANDADOS,
Y APELANTE EL PRIMERO.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre deslinde.

No. 2302.—Resuelto en julio 22, 1921.

DESLINDE—POSESIÓN—ALEGACIÓN—CAUSA DE ACCIÓN.—En una acción establecida
bajo el artículo 286 del Código de Enjuiciamiento Civil, una demanda que
alega no sólo una confusión de colindancias sino también que los deman-
dados están en posesión de una parte de la finca del demandante sin derecho
alguno a ello, establece una causa de acción.

ID. — ID. — INTERÉS. — En un caso en que una finca grande ha sido subdivi-
dida en muchas parcelas pequeñas que han pasado a ser de diferentes per-
sonas, puede ser que una mensura de más de una o de todas esas segregacio-
nes sea necesaria para localizar e identificar la merma que resulta de la men-
sura de terrenos colindantes con la finca principal, y parecería inmaterial
el hecho de si la finca del demandante colinda con todas y cada una de las
pequeñas parcelas que originalmente estaban contenidas en la finca principal
y ahora pertenecen a los respectivos demandados. La cuestión es una de
interés y la necesidad de una mensura de todas las subdivisiones con el fin
de determinar la superficie y verdaderas colindancias de la finca principal,
o de partes integrantes de la misma que colindan con terrenos del deman-
dante, suple cualquier interés que el estatuto exija en tales segregaciones.

Los hechos están expresados en la opinión.

Abogado del apelado: Sr. L. Pereyó.

Abogado del apelante: Sr. F. González.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Félix Solís apela de una resolución ordenando el exa-
men y deslinde de cierta finca perteneciente a él, dictada en
un procedimiento seguido por virtud de las disposiciones del
artículo 286 del Código de Enjuiciamiento Civil, e insiste
en que:

1. La corte erró al declarar sin lugar las excepciones pre-
vias presentadas en este caso por el demandado Félix Solís.

2. La corte cometió un error al dictar su orden final, pero
de los autos no aparece que se hiciera el requerimiento pre-
vio a que se refiere el artículo 286 del Código de Enjuicia-
miento Civil.

3. La corte cometió error al admitir como prueba la Escritura No. 138 otorgada por Francisco Rivera Artigues a favor de Alejandro Laborde Quintero.

4. La corte cometió error al ordenar la mensura de la finca del demandado Félix Solís porque la prueba practicada es insuficiente para sostener dicha orden.

Los fundamentos de excepción previa, como fueron alegados en la corte inferior, eran los siguientes:

"Que la solicitud presentada en este caso no aduce hechos suficientes para decretar una mensura de acuerdo con el artículo 286 del Código de Enjuiciamiento Civil.

"Que existe indebida acumulación de partes demandadas, toda vez que se demandan individuos y se describen fincas que no colindan con la del demandante.

"Que la solicitud es ambigua y dudosa pues no se sabe con cuál finca están confundidas las colindancias, y esto sería necesario para poder establecer una parte su defensa."

Las alegaciones esenciales de la demanda enmendada, omitiéndose las descripciones de las trece fincas enumeradas en ella como pertenecientes a los distintos demandados, son las siguientes:

"Segundo: Que el demandante es dueño de la siguiente finca: Rústica: Predio de terreno alto, sito en el barrio de Guayanés del término municipal de Yabucoa, compuesto de sesenta cuerdas, más o menos, de terreno, en lindes por el sur, con la rivera marítima; por el norte, con doña María Limardo; por el este, con Marcos Solís; y por el oeste, con terrenos de Roberto de la Cruz, Sucesión Pendás y Domingo Figueroa.

"Tercero: Que los demandados, unos por herencia del causante Marcos Solís, y otros por compra a algunos herederos del expresado causante, son dueños de varias parcelas de terreno, en el barrio de Guayanés, del término municipal de Yabucoa, las cuales poseen en la actualidad, haciendo un total de doscientos veinte y siete cuerdas noventa y seis centavos de otra de terreno, que se describen como sigue:  *  *  *

"Cuarto: Que según el leal saber y entender del demandante, las colindancias de su finca y las de los demandados, se hallan de tal

manera confundidas, que los expresados demandados vienen utilizando parte de la finca del demandante, sin derecho alguno a ello, y con los consiguientes perjuicios para dicho demandante. Y alega .que para aclarar dichas colindancias y reclamar cualquier terreno que ocupen los expresados demandados indebidamente, se hace necesario un examen y deslinde de todas las fincas que poseen en la actualidad dichos demandados, en el barrio de Guayanés ya expresado.

"Quinto: Que con fecha diez y siete de febrero de mil novecientos veinte, fueron requeridos debidamente los expresados demandados para que permitieran el examen y deslinde de todas sus fincas en el citado barrio, al demandante; y a pesar del tiempo transcurrido, no han autorizado o negado el permiso para llevar a cabo el citado examen y deslinde de las fincas referidas de su propiedad."

La teoría de la alegación respecto a la supuesta falta de causa de acción es que una mera confusión de colindancias no justifica que haya de acudirse al procedimiento prescrito por el artículo 286 del Código de Enjuiciamiento Civil, y los casos de *McCormick* v. *Molinari*, 16 D. P. R. 409, y *Blasini* v. *Colón*, 24 D. P. R. 336, se citan para sostener esta proposición. Pero la demanda presentada en este caso alega no solamente una confusión de colindancias sino también que los demandados "vienen utilizando parte de la finca del demandante, sin derecho alguno a ello," y además que para "reclamar cualquier terreno que ocupen los expresados demandados indebidamente se hace necesario un examen y deslinde de todas las fincas que poseen en la actualidad dichos demandados en el barrio de Guayanés ya expresado." Se ve, pues, que los casos citados no son de aplicación.

Para sostener el segundo fundamento de excepción previa se cita el artículo 104 del Código de Enjuiciamiento Civil pero ese artículo se refiere a la acumulación de varias causas de acción en una demanda y nada se dice de que el demandante en esta acción haya tratado de expresar más de una causa de acción. El título IV, artículos 51 al 74, inclusive, del Código de Enjuiciamiento Civil está dedicado exclusivamente a la materia "de las partes en acciones civiles," y el

artículo 63 prescribe que ''cualquiera persona podrá ser cons-
tituída en demandado, siempre que tenga o alegue tener in-
terés en la contienda en oposición al demandante, o sea parte
indispensable para la completa determinación o arreglo de
la cuestión litigiosa.'' Puede ser, y no hay duda de que a
menudo ocurre en casos como el que ahora consideramos, que
una finca grande ha sido subdividida en muchas pequeñas por-
ciones que han pasado a poder de diferentes dueños, que un
deslinde de más ·de una o de todas de dichas segregaciones
es necesario pora localizar e identificar la merma que resulte
de un deslinde de terrenos colindantes con dicha primitiva
finca de mayor cabida. Si esto es así, como alega el deman-
dante en este caso que es lo que sucede, parecería inmaterial
el hecho de si la finca del demandante colinda o no con todas
y cada una de las parcelas más pequeñas que primitivamente
estaban comprendidas en la finca de mayor cabida y que
ahora pertenecen a los respectivos demandados. La cuestión
no es de colindancias sino de interés y de necesidad razo-
nable como medio para el descubrimiento de la prueba que
ha de utilizarse en el pleito que se pretende seguir. En el
presente caso la existencia de un interés en la finca de mayor
cabida de la que se segregaron las varias parcelas que están
ahora en posesión de los distintos demandados no ha sido
negado, y la necesidad de un deslinde de todas las subdivi-
siones para poder determinar la superficie y verdadera co-
lindancia de la finca de mayor cabida o de las partes inte-
grantes de la misma que colindan con los terrenos del de-
mandante suple cualquier interés que el estatuto pueda exi-
gir en cada una de dichas segregaciones.

De igual modo en cuanto al tercer motivo de excepción
previa debe tenerse ·en cuenta que ésta no es una acción para
reivindicar una propiedad sino meramente una investigación
preliminar con el objeto de determinar los hechos que han
de utilizarse como prueba en la pretendida acción al ser ins-
tituída. En tanto en cuanto la cuestión que aquí se trata

de levantar no haya sido resuelta será bastante con agregar que en las descripciones de cuatro de las trece parcelas que se alega pertenecen a los diferentes demandados, se habla de Alejandro Laborde como dueño de propiedad colindante. De las siete subdivisiones pertenecientes al apelante una colinda por el oeste y por el norte con terrenos de Domingo Figueroa a quien se menciona en la descripción de la finca del demandante como colindante con ella por el oeste. Otra de estas siete fincas que es también una de las cuatro anteriormente citadas, se describe como que colinda por el norte con Alejandro Laborde. Dentro de las circunstancias no podemos decir que la demanda por defectuosa que pueda ser en otros particulares sea ambigua y dudosa en lo que respecta a la indicación que en ella se hace de los puntos colindantes o terreno que puedan estar ocupando indebidamente los demandados en cuanto a la finca del demandante y las diferentes parcelas en poder de los respectivos demandados.

El escrito del cual el apelante se queja en el segundo señalamiento de error es como sigue:

"Humacao, P. R., febrero 17, 1920.—Sres. Félix Solís, Antonio Cruz, Estebanía Rosi, Marcelina Solís, Manuel García Vellón y Valentina Gautier.—Barrios de Guayanés y Candelero Abajo de Humacao y Yabucoa, P. R.

"Muy Señores míos:—Tiene la presente el objeto de manifestar a Uds. que soy colindante de la finca que Uds. poseen en los barrios de Humacao y Yabucoa, representando a la vez los derechos de la Sucesión Pendás que también es colindante por ser su representante legal.

"Que habiendo mensurado tanto mi finca como las de la expresada sucesión, nos hemos encontrado una gran diferencia en nuestros terrenos, y como quiera que Ud. ha ordenado a sus peones quitar las cercas por los sitios donde nosotros creemos colindan nuestras fincas con la de Ud., solicito se nos permita practicar una mensura de la propiedad que Ud. posee, para determinar la cantidad de terrenos que Ud. tiene actualmente y la cual forma parte de nuestras fincas.

"Esta solicitud la hacemos cumpliendo lo ordenado en el artículo 286 del Código de Enjuiciamiento Civil, por entender de buena fe,

que la porción de terreno que nos falta en nuestras fincas, se encuentra dentro de las guardarrayas o límites que Ud. ha mandado destruir.—Atentamente, (firmado)   A. Laborde.''

El razonamiento del apelante respecto a la alegada insuficiencia de esta notificación se basa en la misma teoría que hace para sostener el tercer motivo de excepción previa a la demanda, y el documento en cuestión, así como la demanda, deja mucho que desear; pero no podemos decir que sea tan vago y dudoso que justifique al apelante en hacer completo caso omiso del mismo. Si cualesquiera de los particulares omitidos al parecer basado en la suposición de que eran conocidos por los demandados no fuesen de tal modo conocidos por ellos cualquier ulterior información que se hubiese deseado en cuanto a esto sin duda alguna se hubiese suministrado en seguida al ser solicitada. De todos modos no se ha probado ni perjuicio ni deseo de complacer al demandante al permitirse un deslinde de cualesquiera de sus terrenos en posesión del apelante colindaran o no con aquéllos del demandante.

En el alegato se nos dice que el documento a que se hace referencia en el tercer señalamiento ni aparece haber sido inscrito en el registro de la propiedad ni en él se expresa la forma en la cual el vendedor adquirió la finca que en él se traspasó al demandante. La escritura en cuestión no ha sido sometida a nuestra consideración y al tiempo de oponerse a su admisión como prueba no se hizo ninguna indicación de qué en ella no se manifestara el origen del título del vendedor. El juez sentenciador en su resolución sobre la objeción como fué hecha, al admitir el documento por el valor que pudiera tener en relación con el derecho del demandante a un deslinde llamó la atención hacia el hecho de que el procedimiento que entonces se encausaba no era una acción para reivindicar la finca y el alegato del apelante no revela ninguna razón convincente de por qué no ha de ser

admitida como prueba de tal derecho por parte del demandante una escritura que no ha sido inscrita.

En cuanto al cuarto señalamiento será bastante con expresar que aunque la prueba lo mismo que la demanda y el anterior requerimiento por escrito no es muy satisfactoria, sin embargo, no se presentó ninguna prueba por la defensa y si el juez sentenciador dió crédito a los testigos del demandante como aparentemente lo hizo no podemos decir que el caso *prima facie* así presentado sea insuficiente para sostener la conclusión a que llegó la corte sentenciadora.

La resolución apelada debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.